IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

QUINCY DARNELL BLUE,
No. 09590-031,

      Petitioner,

vs.                               No. 3:17–cv–01215-DRH

T.G. WERLICH,

      Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

      Petitioner Quincy Blue, an inmate who is currently incarcerated in the Federal Correctional Institution at Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241, in order to challenge his enhanced sentence as a career offender based on his prior convictions in Kansas for aggravated escape and possession of marijuana and/or cocaine. (Doc. 1, pp. 1-10). In support of the Petition, he relies on the recent case of *Mathis v. United States*, –– U.S. —, 136 S. Ct. 2243 (2016). This matter is now before the Court for review of the § 2241 Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other

habeas corpus cases.

Given the limited record and the still-developing application of *Mathis*, it is not plainly apparent that the Petition should be dismissed. Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b). A response shall be ordered.

## Disposition

**IT IS HEREBY ORDERED** that Respondent Werlich shall answer or otherwise plead within thirty days of the date this order is entered (December 8, 2017).[1] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS ALSO ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
Signed this 8th day of November, 2017.

Digitally signed by
Judge David R. Herndon
Date: 2017.11.08
12:15:06 -06'00'

**UNITED STATES DISTRICT JUDGE**